UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNIE RUTLAND,

        Plaintiff/Counter-Defendant,

v.

                                                Case No. 11-15250
SANTANDER CONSUMER USA, INC.,     Honorable Julian Abele Cook, Jr.

        Defendant/Counter-Plaintiff.

ORDER

        This is a civil action in which the Plaintiff, Annie Rutland, seeks damages against the Defendant, Santander Consumer USA, Inc. ("Santander"), alleging claims of (1) violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. §552; (2) replevin/claim and delivery; and (3) trespass. Santander has filed a counter-complaint against Rutland for a claim of breach of contract.

        Rutland has invoked the federal question jurisdiction of the Court with respect to her FOIA claim, *see* 5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court of the United States in the district in which the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. . . ."), and supplemental jurisdiction with respect to the remaining state-law claims, 28 U.S.C. § 1367.

        Currently pending before the Court is Santander's motion to dismiss Rutland's claims on the basis of two federal rules of civil procedure; namely, (1) Fed. R. Civ. P. 12(b)(1), and (2) Fed.

1

R. Civ. P. 12(b)(6). As of this date, Rutland has not responded to Santander's dispositive motion.

I.

The dispute between the parties revolves around Santander's repossession of an automobile that had been purchased by Rutland from a non-party vendor. The purchase contract was subsequently assigned to Santander, which claims that Rutland breached her contractual obligations thereunder by failing to pay installments when due. According to Rutland, she sent a FOIA request to Santander on September 15, 2011, seeking to obtain certain documentation about her motor vehicle. Santander responded by providing Rutland with some of the requested information, including copies of the lease agreement and payment history spreadsheet. Santander repossessed the car on October 7, 2011 and sold it to a third party the following month. After applying the sale price to the balance, Santander advised Rutland that an indebtedness of $9,110.27 remained on her account.

On November 30, 2011, Rutland filed a complaint against Santander, alleging that it violated the FOIA by (1) failing to respond to her request for documents within a period of twenty working days thereafter, and (2) improperly excluding the transmittal of certain pertinent documents that had been requested by her. She further alleges that, because of this noncompliance, Santander initiated repossession efforts without having proven its ownership of the underlying purchase contract. Furthermore, she maintains that Santander's repossession constituted an unlawful act of trespass to chattels and to land. Santander filed a counter-complaint against her on January 5, 2012, contending that she had breached the terms of the parties' contract as it applied to the remaining monies to be paid on the account.

Santander has now proffered a motion to dismiss Rutland's complaint, arguing that (1) the

requisite subject-matter jurisdiction has not been established by Rutland, Fed. R. Civ. P. 12(b)(1), and (2) she has failed to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

II.

In support of its request for relief, Santander has made reference to Rules 12(b)(1) and 12(b)(6), both of which pertain to motions for dismissal. Generally speaking, an order of dismissal under Rule 12(b)(1) is not a ruling on the merits and is entered without prejudice, whereas an order of dismissal under Rule 12(b)(6) is generally construed to be a ruling on the merits and is entered with prejudice. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir. 1986). Thus, the choice of one rule over the other carries implications for a plaintiff's ability to subsequently refile her claim. However, the Sixth Circuit has noted that "[w]here the issue is whether the claim is covered by the statute [that formed the basis for invoking federal question jurisdiction] . . . , it makes little difference whether Rule 12(b)(1) or Rule 12(b)(6) is the vehicle used to raise the issue as long as the non-moving party is not taken by surprise and has an adequate opportunity to respond." *Id*. Where, as here, "a statutory right is being pursued . . . , and the defense raised is that the plaintiff or defendant does not come within the purview of the statute, the judicial acceptance of this defense, however it is accomplished, is the death knell of the litigation and has the same effect as a dismissal on the merits. *Id*.

Here, because Santander's arguments go to the merits, if any, of Rutland's federal claim, the Court will initially consider the now pending request for relief under Rule 12(b)(6).[1]

---

[1] The Court notes that Santander filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) after having proffered an answer, thereby rendering it untimely. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). However, the Sixth Circuit has treated post-answer Rule 12(b)(6) motions as requests for the entry of judgments on the pleadings under Fed. R. Civ. P. 12(c). *See Satkowiak v. Bay Cnty. Sheriff's Dep't*, 47 F. App'x. 376, 377 n.1 (6th Cir. 2002). Thus, the Court will treat this dispositive

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." While considering a motion to dismiss, a court must construe the record in the light that is most favorable to the plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). A court should assume well-pleaded facts are true, but does not need to accept as true legal conclusions or unwarranted factual inferences. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see also Nietzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations.").

In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard asks for more than a "sheer possibility that the defendant has acted unlawfully." *Id.* A complaint which advances facts that are merely consistent with a defendant's liability "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted). Where the well-pleaded facts are insufficient to allow the court to infer more than the mere possibility of misconduct, the complaint has failed to show that the pleader is entitled to relief. *Id.* at 679.

---

motion by Santander as an application for the entry of a judgment on the pleadings under Fed. R. Civ. P. 12(c). The standard of review under Federal Rule of Civil Procedure 12(c) is the same as that which should be undertaken when evaluating a similar motion brought pursuant to Rule 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

III.

In attempting to determine the merit, if any, of Rutland's claims, the Court is fully aware of her status as a *pro se* litigant in this lawsuit and of its obligation to construe these pleadings liberally and to hold them to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted.").

Rutland claims that Santander violated the requirements of the FOIA when it failed to adequately respond to her request for the production of specified documents. Santander, in response, argues that Rutland's complaint should be dismissed because the provisions of the FOIA do not apply to it.

The FOIA requires federal agencies to make records and documents publicly available upon request unless they fall within one of several statutory exemptions. 5 U.S.C. §552. Moreover, the FOIA requires "an agency" to respond to requests for records within twenty days after the receipt of any such request." *Id.* at §552(a)(6)(A). The word "agency," as defined in the FOIA, means an "authority of the Government of the United States," *id.* at §551(1), which includes "Government corporation[s]" and "Government controlled corporation[s]," *id.* at §552(f)(1). Although the FOIA was designed to expand public rights of access to Government information, this expansion is limited. *Forsham v. Harris*, 445 U.S. 169, 178 (1980). A private corporation will not generally qualify as an "agency" governed by the FOIA. *See, e.g.*, *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985) ("The private right of civil action created by [the Privacy Act and the FOIA]

5

is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials." (citations omitted)).[2]

In order to determine whether a non-governmental entity qualifies as a "government-controlled corporation," courts are encouraged to consider the following factors: "whether the entity performs a governmental function; whether there is substantial government control over the entity's day to day operations; whether the entity has the authority to make and implement decisions on behalf of the government; whether the entity's employees are in reality federal employees; the government's financial involvement with the entity; and whether the entity is federally chartered." *Montgomery v. Sanders*, No. 3:07-cv-470, 2008 U.S. Dist. LEXIS 103991, at *11 (S.D. Ohio Dec. 15, 2008) (citations omitted).

Here, Rutland has not presented any evidence or an argument which would suggest that Santander is a "government-controlled corporation" or some other entity that falls within the definition of "agency." Instead, she argues that the FOIA is applicable to private corporations - an argument that is plainly foreclosed by the text of the FOIA.

Rutland cites the Supreme Court decision in *FCC v. AT&T Inc.*, 131 S. Ct. 1177 (2011), to argue that corporations such as Santander are required to provide personal information in response to a FOIA request. In *FCC*, the Supreme Court held that corporations do not have "personal privacy" for the purposes of Exemption 7(C) of the FOIA, 131 S. Ct. at 1185, which protects law

---

[2] *Unt* specifically addressed the definition of "agency" in the Privacy Act, 5 U.S.C. § 552a(a)(1). 65 F.2d 1440-52. However, the Privacy Act references the FOIA text for the applicable definition of "agency." *See id.* ("[T]he term 'agency' means agency as defined in section 552[(f)] of this title."); *see also* 5 U.S.C. § 552(f). Consequently, the interpretation in *Unt* will apply equally to claims under FOIA.

enforcement records that "could reasonably be expected to constitute an unwanted invasion of personal privacy," 5 U.S.C. §552(b)(7)(C). The Federal Communications Commission Enforcement Bureau ("FCC") received a FOIA request to release documents that AT&T had previously submitted to the FCC. *FCC*, 131 S. Ct. at 1180. AT&T argued that the FCC could not release the information through the FOIA because to do so would violate its personal privacy, contrary to the protection provided by Exemption 7(C). *Id.* The Supreme Court rejected this argument and held that the FCC could release the information regarding the corporation. *Id.* at 1185.

Although the Court did find that corporations were not protected by this exemption, the holding does not require corporations to provide information in response to FOIA requests. Rather, *FCC* merely held that a FOIA request submitted to a federal agency can be used to obtain information about a private corporation. The key distinction is that the FOIA request in *FCC* was submitted directly to a federal agency which was plainly subject to this statute, while here, Rutland submitted her request to a private corporation.

The Court concludes that Santander is not an "agency" within the meaning of the FOIA and, therefore, it is not subject to the provisions of this statute. Consequently, even when reading the complaint liberally, the Court finds that Rutland has not met her burden of providing sufficient factual support to state a claim upon which relief can be granted. Therefore, the Court grants Santander's motion for dismissal with respect to the FOIA claim.

IV.

Rutland's remaining claims of replevin and trespass, as well as Santander's counter-claim for breach of contract, are state law claims. Under 28 U.S.C. § 1367(c)(3), a court may decline to exercise its supplemental jurisdiction if all claims over which it had original jurisdiction are

dismissed. Where the resolution of a federal question leaves only state law claims, a district court has the discretion to retain jurisdiction or to dismiss the remaining claims and counterclaims. *See, e.g.*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *Ford v. New Century Mortg. Corp.*, 797 F. Supp. 2d 862, 874 (6th Cir. 2011) (dismissing defendant's counterclaims, which were based on supplemental jurisdiction, after plaintiff's claims, which were based on original jurisdiction, were dismissed). When determining whether to retain jurisdiction of state claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (citation omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon*, 484 U.S. at 350 n.7.

This Court does not perceive any reason why the state claims would be better resolved in this forum. This litigation was commenced in late November 2011, and parties have not begun discovery. Neither party has presented any argument that the remaining state claims - standing on their own - should be resolved in a federal court. Accordingly, this Court declines to exercise supplemental jurisdiction over the pending state law claims.

For the foregoing reasons, the Court dismisses the remaining state law claims without prejudice.

V.

For the reasons that have been set forth above, Santander's motion to dismiss for failure to state a claim is granted with regard to the FOIA claim. The remaining claims in Rutland's

complaint and Santander's counter-complaint are dismissed without prejudice.

    IT IS SO ORDERED.


Date: July 26, 2012                                                  s/Julian Abele Cook, Jr.
                                                                               JULIAN ABELE COOK, JR.
                                                                               U.S. District Court Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 26, 2012.

                                                                                      s/Kay Doaks
                                                                                      Case Manager